COURTRIGHT v. CLARK. See Cases Nos. 10,767 and 10,768.

======

## Case No. 3,287.

### COUSCHER v. TULAM.

[4 Wash. C. C. 442.] [1]

Circuit Court, E. D. Pennsylvania. April Term, 1824.

ACCOUNTING—PROCEDURE ON REFERENCE—REPORT.

1. In an action of account on a reference to auditors, under the judgment quod computet, all articles of account between the parties, incurred since the commencement of the suit, are to be included by the auditors, and the whole transactions between them are to be brought down to the time when they make an end of the account.

2. In this action the report of the auditors, "that the plaintiff has no legal demand against the defendant at present," is not objectionable on the ground that it is uncertain or not final. But it is so, on the ground that they do not state the account, which should always be done on the judgment quod computet.

This was an action of account, which, by the agreement of the attorneys, was referred to auditors named by themselves, to examine the accounts of the parties as under the judgment quod computet, with all the powers and rights that would belong to auditors appointed by the court. The auditors reported, "that after hearing the parties, and examining the vouchers produced, they award that the plaintiff has no legal demand at present against the defendant."

C. J. Ingersoll, for plaintiff.
Mr. Ingraham, for defendant.

WASHINGTON, Circuit Justice, delivered the opinion of the court. This case comes be-

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

fore the court upon a rule to show cause why this report should not be annulled; and the only objection made to it by the plaintiff's counsel is, that it is not final or certain, the non-existence of a legal demand being confined to the period when the report was made. If the report had been general, that the plaintiff had no legal demand against the defendant, it is not denied that it would have been final, and sufficiently certain. But as all articles of account between the parties, incurred since the commencement of the suit, are to be included by the auditors, and the whole to be brought down to the time when they make an end of the account (per Lord Mansfield, 2 Burrows, 1086), it is not perceived what substantial difference there can be between such a report as, it is agreed, would be clear of the objection, and the one under consideration; for if the plaintiff had no legal demand against the defendant at the time the report was made, he could have none at all, of which the auditors could take notice. Should a demand arise subsequent to the report, the plaintiff would not, in the opinion of the court, be barred from prosecuting the same in another action, or by a bill in equity. The only difficulty which the court has felt is, that the report awards that the plaintiff has no legal demand against the defendant, instead of stating the account, which would seem to be the proper course, after a judgment quod computet. But as this was not made a ground for the rule, and was not noticed in argument by the counsel, the court, feeling indisposed to favour this antiquated form of action, when the remedy by a bill in equity might have been adopted, will not set aside the report, or send it back on account of the defect which has been suggested. If the auditors conducted themselves improperly, the remedy of the party aggrieved was to bring the matter before the court, whilst the auditors were acting on it. The rule must be discharged.